**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International Incorporated, | No. CV-20-01760-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| 764 4th Avenue Associates LLC, | |
| Defendant. | |

Before the Court is 764 4th Avenue Associates, LLC's ("4th Avenue") motion to dismiss or to transfer venue, which is fully briefed. (Docs. 11, 14, 17.) For the following reasons, 4th Avenue's motion is denied.[1]

This case arises from the 2017-2020 business relationship between 4th Avenue, a New York limited liability company and Best Western International Inc. ("BWII"), an Arizona non-profit corporation. As early as 2008, 4th Avenue, which owns the Brooklyn Way Hotel in Brooklyn, New York, entered into a series of agreements with BWII. Relevant here, on November 2, 2017, 4th Avenue and BWII entered into a BW Signature Collection Distribution Agreement (the "Distribution Agreement"). (Doc. 1 at 1.) The Distribution Agreement contained a forum selection clause stating, "[e]xclusive jurisdiction and venue for any dispute [between the parties] is Maricopa County, Arizona.

---

[1] 4th Avenue's request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

Arizona law shall apply." (Doc. 1-2 at 10.)

Beginning in 2018, BWII learned that 4th Avenue was operating the Brooklyn Way Hotel in a manner that it believed violated the Distribution Agreement. (Doc. 1 at 4.) Particularly, BWII discovered that 4th Avenue was operating the Brooklyn Way Hotel primarily as a transitional housing shelter, rather than an upper midscale hotel. On March 6, 2020, after several discussions and confirmation that the Brooklyn Way Hotel was, indeed, operating as a shelter, BWII notified 4th Avenue by letter that it was in breach of the Distribution Agreement and provided an opportunity to cure. In April 2020, BWII also learned that 4th Avenue had allegedly been underpaying its monthly fees since December 2017 and added the outstanding amounts to 4th Avenue's statement. (*Id.* at 6-7.) 4th Avenue allegedly refused to cure or to pay its outstanding debts and on June 24, 2020, it communicated to BWII that it was treating the March 6, 2020 letter as a formal notice of termination of the Distribution Agreement. (*Id.* at 8.) On September 8, 2020, BWII filed its complaint, which brings claims against 4th Avenue for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and negligent misrepresentation. (*Id.*) On October 4, 2020, 4th Avenue filed the instant motion, which argues that dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(2) or, in the alternative, that the matter should be transferred to the Eastern District of New York pursuant to 28 U.S.C. § 1404. (Doc. 11.) The motion is now ripe.

**I. Motion to Dismiss**

4th Avenue has moved to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). A plaintiff bears the burden of establishing that jurisdiction is proper when faced with a defendant's motion to dismiss for lack of personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (citation omitted). BWII points first to the forum selection clause in the Distribution Agreement to establish personal jurisdiction. Because the Court concludes that the forum selection clause in the Distribution Agreement establishes personal jurisdiction, it does not reach BWII's other arguments.

"A contract's forum selection clause alone is sufficient to confer personal jurisdiction and venue[.]" *Productive People, LLC. v. Ives Design*, No. CV-09-1080-PHX-GMS, 2009 WL 1749751, at *1 (D. Ariz. June 18, 2009) (citations and internal quotations omitted). By executing a contract including a forum selection clause, a party can consent to personal jurisdiction in a forum where it is otherwise absent. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) (personal jurisdiction is waivable and "in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction") (internal quotations and citations omitted). "Forum selection clauses are presumed to be valid and the burden is on the party resisting enforcement to show that enforcement of the clause would be unreasonable under the circumstances." *Liberty Media Holdings, LLC v. Vinigay.com*, No. CV-11-280-PHX-LOA, 2011 WL 7430062, at *7 (D. Ariz. Dec. 28, 2011) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991)). Here, the parties agree that the Distribution Agreement included the following forum selection clause: "Exclusive jurisdiction and venue for any dispute is Maricopa County, Arizona. Arizona law shall apply." (Doc. 1-2 at 10.) However, 4th Avenue argues the forum selection clause should not be enforced because it is (1) vague and (2) unconscionable.

First, the forum selection clause is not vague. Reading the forum clause according to its plain meaning, its reference to "Maricopa County" vests jurisdiction in the state and federal courts located therein. *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1207 (9th Cir. 2011). The clause also plainly states that jurisdiction in Maricopa County is "exclusive." 4th Avenue's contentions that the forum clause does not clearly designate the forum as mandatory and exclusive are therefore unpersuasive. Although the Distribution Agreement could have selected other words to convey the same meaning, the forum selection clause is not susceptible to 4th Avenue's proffered interpretation—that suit may brought in the courts of Maricopa County but also in the courts of other jurisdictions, such as New York.

Second, 4th Avenue has failed to meet the high bar of demonstrating that the forum clause is unconscionable. Forum selection clauses can be either procedurally or

substantively unconscionable. *Maxwell v. Fidelity Fin. Serv., Inc.*, 907 P. 2d 51, 57-58 (Ariz. 1995). The Court will address each unconscionability challenge, in turn.

"To determine whether an agreement is procedurally unconscionable, Arizona courts focus on those factors bearing upon . . . the real and voluntary meeting of the minds of the contracting party: age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, [and] whether alterations in the printed terms were possible[.]" *Longnecker v. Am. Exp. Co.*, 23 F. Supp. 3d 1099, 1109 (D. Ariz. 2014). Here, 4th Avenue argues that the forum selection clause arose from procedurally unconscionable negotiations in which BWII drafted the Distribution Agreement's terms but provided 4th Avenue no opportunity to alter them. Even accepting these allegations as true, "[a] forum selection clause is not unconscionable merely because. . . it was presented to [the party] on a take it or leave it basis or in a form contract." *BWII v. Ganeshji Hosp. LLC*, No. CV-12-1386-PHX-SMM, 2012 WL 12897394, at *3 (D. Ariz. Dec. 19, 2012) (citation omitted). Moreover, the Court is unpersuaded by 4th Avenue's characterization of the negotiation process as one in which BWII held "all of the power" over an unsophisticated and uninformed party. 4th Avenue is not a humble consumer; it has been involved in many multi-million-dollar commercial projects throughout New York. (Doc. 14-1 at 31.) BWII and 4th Avenue have entered into several agreements since 2008, all of which contain similar forum selection clauses. And BWII expressly encouraged 4th Avenue to review the Distribution Agreement to understand its terms and provided 4th Avenue a contact with whom to discuss its questions or concerns. (*Id.* at 58.) 4th Avenue's procedural unconscionability arguments are therefore unavailing.

To determine whether an agreement is substantively unconscionable, the Court looks to "the actual terms of the contract and examines the relative fairness of the obligations assumed." *Jones v. GMC*, 640 F. Supp. 1124, 1131-32 (D. Ariz. 2009) (citations omitted). "Indicative of substantive unconscionability are contract terms so one-sided as to oppress or unfairly surprise an innocent party, an overall imbalance in the

obligations and rights imposed by the bargain, and significant cost-price disparity." *Id.* Here, the forum selection clause requires any dispute between the parties to be litigated in Maricopa County, the location of BWII's headquarters but a significant distance from 4th Avenue's headquarters in New York. Although 4th Avenue is a New York limited liability company and its two key witnesses—Joseph Yunatanov and Christian Aguayo—are residents of New York, requiring litigation to take place in Maricopa County—an obligation which should come as no surprise to 4th Avenue—is not so oppressive or one-sided as to render the clause unconscionable. BWII headquarters, witnesses, and records are all located in Maricopa County, and Mr. Yunatanov has voluntarily traveled to Phoenix on BWII-related business in the past. Further, 4th Avenue is a profitable and sophisticated commercial entity. Requiring it to litigate out of state will not cause it so great a comparative financial burden as to render the forum selection clause unconscionable.

In sum, because the forum selection clause is enforceable and establishes personal jurisdiction over 4th Avenue, the Court will deny 4th Avenue's motion to dismiss.

**II.  Motion to Transfer Venue**

In the alternative, 4th Avenue requests that the Court transfer this case to the Eastern District of New York pursuant to 28 U.S.C. § 1404. Section 1404(a) "allows a district court to transfer a civil action [when] (1) the transferee court is one in which the case could have been brought and (2) the convenience of the parties and witnesses and the interests of justice favor transfer." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). However, when a parties' governing contract contains a valid forum-selection clause, the Court adjusts step two of its § 1404(a) analysis by looking only to public-interest factors because "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Advanced Reimbursement Solutions LLC v. Spring Excellence Surgical Hospital LLC*, No, CV-12-01688-PHX-DWL, 2019 WL 176710, at * 3 (D. Ariz. Jan. 11, 2019).

Although the case could have originally been brought in the Eastern District of New

York,[2] because public interest considerations do not favor a transfer, the Court will deny 4th Avenue's motion. In its motion, 4th Avenue cites only private interest considerations in support of a transfer. Its public interest arguments—raised for the first time in its reply— are waived. *Autotel v. Nevada Bell Telephone Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012). Accordingly, the Court will deny 4th Avenue's motion to transfer.

**IT IS ORDERED** that 4th Avenue's motion to dismiss or to transfer venue (Doc. 11) is **DENIED.**

Dated this 9th day of December, 2020.

Douglas L. Rayes
United States District Judge

---

[2] A civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Here, the action could have originally been brought in the Eastern District of New York because 4th Avenue resides in the state in which the district is located and a substantial part of the events or omissions giving rise to BWII's claims arose out of that district.